# In the United States Court of Federal Claims

No. 16-21L

(Filed: June 23, 2016)

```
*****************************  *
                               *
SURAJ AMIR BEY,                *
                               *
                Plaintiff,     *
                               *
v.                             *
                               *
THE UNITED STATES,             *
                               *
                Defendant.     *
                               *
*****************************  *
```

**FILED**

**JUN 2 3 2016**

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On January 4, 2016, *pro se* Plaintiff Suraj Amir Bey filed in this Court a complaint alleging that he has the right "to be compensated for damages and loss of quiet enjoyment of . . . estate" due to the St. Joseph County Small Claims Court's "error in prejudgment ruling being [based on] fraud or mistake." Compl. at 3-4. He seeks $1,750,000.00 in damages for fraud, mistake, trespass, conspiracy, unauthorized administration of property without right, and diversity. Compl. at 4.

On February 29, 2016, counsel for the Government filed a motion to dismiss for lack of subject matter jurisdiction. After Mr. Bey missed the March 31, 2016 deadline to respond to the Government's motion to dismiss, the Court issued a show cause order on April 21, 2016 directing Mr. Bey to file his response and to include a statement explaining why the Court should not dismiss his complaint for failure to prosecute. On May 18, 2016, the Court granted Mr. Bey's request for an extension of time. Mr. Bey's response to the show cause order and the motion to dismiss was due on June 16, 2016. The Court warned Mr. Bey twice that failure to respond to the show cause order will result in dismissal of his complaint. Dkt. Nos. 8 (show cause order), 10 (granting extension to respond). As of the date of this order, Mr. Bey has not filed his response. For the reasons set forth below, the Court dismisses Mr. Bey's complaint.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, . . . it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Bey failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain efficient usage of the Court's resources.

Even if Mr. Bey had filed a response, the Court lacks jurisdiction over his claims. Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to suits against the United States for money damages not sounding in tort. However, Mr. Bey appears to rest his claims squarely in tort. The Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction.

Accordingly, for the foregoing reasons, Mr. Bey's complaint is dismissed for failure to prosecute and for lack of subject matter jurisdiction. The Clerk of Court is directed to dismiss Mr. Bey's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge